IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFREY PITTS,                                )
                                              )
                        Plaintiff,            )
                                              )
v.                                            )          No.  05-1295-T-An
                                              )
COMMISSIONER OF SOCIAL                        )
SECURITY ADMINISTRATION,                      )
                                              )
                        Defendant.            )

_____

ORDER AFFIRMING DECISION OF COMMISSIONER

_____

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income under the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.* and 42 U.S.C. §§ 1381 *et seq.*  Plaintiff protectively applied for benefits on June 25, 1998, and July 7, 1998.  His applications were denied initially and upon reconsideration by the Social Security Administration.

On December 29, 1999, an administrative law judge ("ALJ") independently reviewed the case and found that Plaintiff was disabled as defined in the Act.  However, the Office of Inspector General ("OIG") referred the case for further consideration when it was discovered that the evidence on which the claimant was found to be disabled was purportedly false.  Upon review, the ALJ concluded that the prior favorable decision was obtained by fraud and

should be reopened.  On April 8, 2003, following a hearing, the ALJ rendered a decision in which he found that Plaintiff was not under a "disability" at any time when he met the earnings requirement of the law or at any other time up through the date of the decision. On June 19, 2003, the Appeals Council vacated the ALJ's decision and remanded the case back to an ALJ for further development and a new decision.

On June 7, 2005, following a supplemental hearing, another ALJ rendered a decision in which he found that Plaintiff was not under a "disability" at any time when he met the earnings requirement of the law or at any other time up through the date of the decision. On September 13, 2003, the Appeals Council denied Plaintiff's request for review. Thus, the June 7, 205, decision became the final decision of the Commissioner.  Plaintiff then filed this action, requesting reversal of the Commissioner's decision.  For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party.  "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Id.  The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir. 1992); Cohen v. Secretary of Health and Human Servs., 964 F.2d 524, 528 (6th

Cir. 1992), and whether the correct legal standards were applied.  Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.  See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).  When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was born in 1962 and was thirty-seven years old at the time that he filed his applications.  R. at 387-89.  He has a tenth grade education and his GED.  R. at 92. The onset of Plaintiff's alleged disability is December 24, 1996, R. at 114, 387-89, due to passing seventy kidney stones over five years and difficulty standing for long periods of time.  R. at 397. Plaintiff's past relevant work consists of work as carpenter's assistant, cable installation installer, carpenter, salesperson, and rehabilitation counselor.  R. at 93-94, 403. He last worked in December 1996.  R. at 403.

In his decision, the ALJ enumerated the following findings:  (1) Plaintiff met the disability insured status requirements through December 31, 2001, but not thereafter; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability; (3) Plaintiff has severe degenerative lumbar disc disease, recurrent kidney stones,

a history of seizures, and dysthymic disorder but does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff's statements concerning his impairments and their impact on his ability to work were unsupported by medical evidence and not credible; (5) Plaintiff has the residual functional capacity to perform the physical exertional and non-exertional requirements of work except for lifting more than twenty pounds occasionally and ten pounds frequently, more than occasional stooping, working around unprotected heights or dangerous moving machinery, or work which requires the ability to understand, remember, or carry out detailed instructions; (6) Plaintiff is unable to perform his past relevant work; (7) Plaintiff's residual functional capacity for the full range of light work is reduced by his inability to stoop frequently, work among unprotected heights or dangerous machinery, or understand, remember, or carry out detailed instructions; (8) Plaintiff is a younger individual; (9) Plaintiff has a high school equivalent education; (10) Plaintiff has no transferrable skills; (11) Based on an exertional capacity for light work and Plaintiff's age, education and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.21; (12) Plaintiff's capacity for the full range of light work has not been significantly compromised by his additional non-exertional limitations; accordingly, using the above-cited rule as a framework for decision making, Plaintiff is not disabled; (13) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity.  42 U.S.C. § 423(d)(1).  The claimant bears the ultimate burden of

establishing an entitlement to benefits.  Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990).  The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id. The Commissioner may meet this burden by relying on either the medical-vocational guidelines or vocational expert testimony.  For entitlement to Title II disability benefits, Plaintiff has the additional burden of showing that he was disabled prior to the expiration of his insured status on December 31, 2001.[1]  See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990); see also, 20 C.F.R. § 404.101(a).

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

---

[1] For SSI benefits, the relevant period begins with the month of Plaintiff's application, which was June 1996. See 20 C.F.R. § 416.335.

    5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Willbanks v. Secretary, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step. The ALJ found that Plaintiff's ability to perform the full range of light work had not been compromised by his non-exertional limitations, and, therefore, he was not disabled. R. at 29.

    Plaintiff argues that the Commissioner erred in denying his applications for benefits by giving an insufficient amount of weight to his subjective complaints, by not giving the appropriate weight to the medical records, by not insuring that the Commissioner met his burden of showing specific jobs that Plaintiff could do, by not requiring the Commissioner to submit substantial evidence to support the denial of benefits, and by violating his constitutional rights.

    The record supports a finding that Plaintiff's pain was not disabling. A plaintiff's statement, taken alone, will not establish that he is disabled; instead, there must be objective medical findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain alleged. C.F.R. § 404,1529(a). Plaintiff has pointed to no such objective medical findings.

    Furthermore, when evaluating a claimant's subjective complaints, an ALJ must consider, in addition to objective medical evidence and Plaintiff's work record, any evidence relating to Plaintiff's daily activities; duration, frequency, and intensity of pain; dosage,

effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. See 20 C.F.R. §§ 404.1529, 416.929; see also SSR 96-7p. The ALJ properly considered these factors and found that the severity of Plaintiff's alleged symptoms were not substantiated by the record.

The ALJ noted that while Plaintiff alleges disabling coronary artery disease which required angioplasty in 1999, medical records demonstrated that Plaintiff had normal functioning. R. at 579-80, 636, 638. The ALJ found that this inconsistency in the record diminished Plaintiff's credibility. See Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

Plaintiff also claimed that his hypertension was disabling, but treating physician records indicate that Plaintiff's blood pressure is controlled. R. at 288-89, 294, 298. The record documented no end-organ damage, and Plaintiff's echocardiogram showed normal cardiac structure and function. R. at 580. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." See Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997).

While Plaintiff alleged disability due to CTS, his only evidence was a 1999 nerve conduction study that showed slowing consistent with CTS. R. at 644. However in 2004, Dr. Lemeh noted that Plaintiff had normal ability to grasp and manipulates objects. R. at 274. Although the record did reveal other CTS signs, the ALJ found that, if Plaintiff had any CTS symptoms, they were minor. R. at 21.

Plaintiff reported disabling back pain. However, lumbar x-rays in August 2001 and

September 2003 were normal except for mild degenerative changes. R. at 185-86, 239. In February 2004, a lumbar MRI revealed a herniated disc at L4-L5, but clinical findings did not support disabling back pain. R. at 335.  Dr Simmons reported in March 2000 and in April 2004 that Plaintiff had good muscle mass with no focal motor or sensory deficits. R. at 285, 306. He also noted, in April 2004, that Plaintiff was not having the acute pain that he had a couple months previously. R. at 285. In May 2003, Dr. Simmons said that Plaintiff was neurologically intact.  R. at 290. In March 2004, Dr. Lemeh found that Plaintiff had no muscle spasms or wasting and full range of motion in all joints. R. at 275. Therefore, the ALJ could properly find that the objective medical evidence did not support Plaintiff's allegation that his back pain was of sufficient severity to be disabling.

Plaintiff also alleged disability due to seizures. In August 2001, Plaintiff reported to Dr. Simmons that he had a seizure, but his Dilantin medication level was low. R. at 298. In September 2001, June 2002, and December 2002, Dr. Simmons noted that Plaintiff's seizures were under control. R. at 293-94, 296. He reported two seizures in May 2003, and several seizures in April 2004, but none since that time. R. at 285-86, 290. The ALJ found that Plaintiff did not have seizures with a frequency that was disabling and that the seizures were generally controlled with treatment. R. at 23, 293-94, 296. Impairments that are controllable or amenable to treatment do not support a finding of disability. See Houston v. Secretary, 736 F.2d 365, 367 (6th Cir. 1984).

Plaintiff's kidney stones caused pain when they were being excreted, but Plaintiff's kidney stone symptoms were episodic, rather than chronic.  Plaintiff received treatment for

8

kidney stones in June 2000, November 2002, and January 2003.  R. at 255, 262, 264.  From February 2003 until May 2003, he returned for treatment with a two to three day history of intermittent flank pain. R. at 251, 253-54. Plaintiff returned for treatment in early 2004, but no further treatment has been documented since that time.  R. at 241. One of Plaintiff's treating urologists stated that Plaintiff complained of a lot of pain and was defensive when the urologist suggested that the small stones Plaintiff had might not cause discomfort.  R. at 589. The doctor noted that he had seen hundreds of patients with small stones that were totally asymptomatic.  R. at 589. These inconsistencies provided a proper basis for the ALJ to question Plaintiff's credibility. See Gooch v. Secretary, 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988) ("We would be particularly reluctant to [substitute our impressions on the veracity of the witness] in this case, where there seem to be demonstrable discrepancies between what the claimant said on the stand and what the written record shows").

Finally, the ALJ noted that Plaintiff submitted a letter purportedly written by his former treating urologist, Dr. Christopher Hill, dated September 24, 1999, indicating that Plaintiff had disabling kidney stones.  R. at 20, 160-61. During an investigation by the OIG into allegations that Plaintiff had submitted fraudulent medical documents in conjunction with his disability claim, Dr. Hill stated that a 1999 report submitted by Plaintiff and purportedly drafted by Dr. Hill, was a "fake." R. at 152, 159-61.  The ALJ could properly use Plaintiff's submission of manufactured evidence to find that he was not credible.  R. at 20.

The ALJ considered the evidence and indicated why he did not find Plaintiff's complaints of disability credible. Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference. See Casey v. Secretary, 987 F.2d 1230, 1234 (6th Cir. 1993). Because there is substantial evidence to support the ALJ's finding that Plaintiff's allegation that his pain is disabling was not entirely credible, Plaintiff's argument is without merit.

Plaintiff asserts that the ALJ denied his Fifth Amendment right to cross-examine witnesses was violated by the ALJ's failure to call Dr. Hill as a witness at the administrative hearing.[2] According to Plaintiff, the ALJ should have called Dr. Hill as a witness, so that he could cross-examine him.

While several circuits, including the Sixth Circuit, have held that the decision to issue a subpoena to cross-examine a to a Social Security hearing is within the sound discretion of the ALJ, see Yancey v. Apfel, 145 F.3d 106 (2nd Cir.1998); Flatford v. Chater, 93 F.3d 1296 (6th Cir.1996); Demenech v. Secretary., 913 F.2d 882 (11th Cir.1990), and other circuits have held that claimants have an absolute right to subpoena witnesses for cross-examination in Social Security hearings, see Lidy v. Sullivan, 911 F.2d 1075 (5th Cir.1990); Coffin v. Sullivan, 895 F.2d 1206 (8th Cir.1990), no court has held that an ALJ must subpoena a physician in the absence of a request by a claimant.

---

[2]   As noted by the Commissioner, it is the Sixth Amendment that protects the right to confront and cross-examine witnesses. The Fifth Amendment protects the right to due process.

Although Plaintiff was represented by counsel at his administrative hearing, he never requested that Dr. Hill be called as a witness or suggested to the ALJ that Dr. Hill was a necessary witness. Nor has Plaintiff submitted evidence to demonstrate that Dr. Hill's statement that he did not write the 1999 report was untrue. Lacking any such evidence, there is no basis for Plaintiff to claim that his constitutional rights were violated by the ALJ's failure to call Dr. Hill as a witness.

Plaintiff also asserts that "fraud" permeated the administrative hearing because the ALJ failed to call a vocational expert, failed to let Plaintiff fully testify to his impairments, and granted credibility only to those opinions supportive of a denial of benefits. However, Plaintiff has presented no evidence to support his allegations. Although due process requires an impartial decision-maker, the court must start from the presumption that administrative adjudicators are unbiased and that honesty and integrity exist among them. See Schweiker v. McClure, 456 U.S. 188, 195-96 (1982). The burden of establishing a disqualifying interest rests on the party making the assertion. Id. at 196. Alleged prejudice must be evident from the record and cannot be based on speculation or inference. Id. Because Plaintiff has presented no evidence from which the court could find that the ALJ committed fraud against him or was biased against him, the court rejects this argument.

Plaintiff asserts that the ALJ did not have substantial evidence to support his finding that Plaintiff could perform light work. It is the ALJ's responsibility to determine residual functional capacity based upon all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of his

limitations. See 20 C.F.R. §§ 404.1545(a) & 404.1546. The ALJ considered the evidence in the record as a whole, including the statements of Plaintiff and found that Plaintiff could perform a significant range of light work. R. at 19-26.

Plaintiff asserts that the opinion of Dr. Harder demonstrates that Plaintiff could not perform light or sedentary work on a daily basis. On the contrary, Dr. Harder's opinion supports a finding that Plaintiff could perform a significant range of sedentary work. She said that Plaintiff could lift ten pounds occasionally and could stand and walk for two hours at a time, for four hours in an eight-hour workday, and could sit for two hours at a time, for four hours in an eight-hour workday. R. at 681-82. This evidence was not before the ALJ, but submitted to the Appeals Council R. at 681-82.4 While Dr. Harder's opinion differs from the ALJ's residual functional capacity finding, there is no indication that Dr. Harder's findings would change the ALJ's opinion. Dr. Harder's records were not submitted with her report, and there is no indication of how long she has been treating Plaintiff to document the basis for her opinion. See Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993) ("This court has consistently stated that the Secretary [now Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

Plaintiff points out that Dr. Rinehart, a consultative examiner, found that he was limited to walking, sitting, and standing for less than one hour per day.  The ALJ gave Dr. Rinehart's opinion minimal weight because the record and Dr. Rinehart's own objective findings did not support a finding of disabling back limitations.  As noted previously, there

was little objective support for Plaintiff's back problems, and his doctors indicated that Plaintiff had no motor or sensory deficits. R. at 185-86, 239, 285, 306. The x-ray of Plaintiff's back taken at Dr. Rinehart's request demonstrated only mild degenerative changes but was otherwise normal. R. at 239. The opinion of a physician may be rejected when it is contradicted by substantial evidence. See Hardaway v. Secretary, 823 F.2d 922, 927 (6th Cir. 1987).

Plaintiff notes that Dr. Simmons, a treating physician, found that Plaintiff was limited to sedentary work R. at 279-82. Dr. Simmons indicated that Plaintiff was limited due to his lumbar disc disease. R. at 280. However, as noted previously, the objective evidence from Plaintiff's doctors did not show that Plaintiff had motor or sensory deficits. R. at 185-86, 239, 285, 306.

Even if Dr. Simmons' opinion were given controlling weight, Plaintiff would not be found disabled. The ability to perform a significant range of light work includes the ability to perform a significant range of sedentary work. See 20 C.F.R. § 404.1567(a). If Plaintiff retains the ability to perform a significant range of sedentary work - given Plaintiff's age, education, and work experience - Rules 201.24 and 201.27 of the 20 C.F.R. pt. 404, subpt. P, app. 2, of the medical-vocational guidelines direct a conclusion that Plaintiff is not disabled.

Plaintiff also argues that the Commissioner did not meet his burden of showing specific jobs that Plaintiff could do and that the ALJ should have obtained vocational expert

testimony.[3]  The ALJ was not required to do so because he utilized the medical-vocational

guidelines to support his decision.  As noted above, a claimant must proceed through the five

step analysis set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits.  When

the claimant has established that he can no longer perform his past relevant work, as in this

case, the burden shifts to the Commissioner to show that the claimant retains the residual

functional capacity to perform other substantial gainful activity existing in the national

economy.  Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997); Walters v. Commissioner, 127

F.3d  525, 529 (6th Cir. 1997).  The Commissioner can often meet his burden at the fifth step

of the analysis by referring to the medical-vocational guidelines ("the grids"), which measure

whether a person is disabled based on age, education, and work experience.  Born, 923 F.2d

at 1173. However, if a claimant has significant non-exertional impairments that restrict his

range of employment, then the ALJ must consult a vocational expert and cannot rely solely

on the grids when determining whether and to what extent he can work. See Kirk v.

Sectretary, 667 F.2d 524 (6th Cir. 1981).

> A nonguideline determination is required only if "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level...." A mere allegation of nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional impairment is severe enough to alter the conclusion that the claimant could do a full range of sedentary work.

Cole v. Secretary, 820 F.2d 768, 772 (6th Cir. 1987) (citations omitted).

---

[3]  Plaintiff asserts that the ALJ erred by failing to obtain vocational expert testimony as directed by the Appeals Council on remand. However, the Appeals Council's order did not require the ALJ to obtain vocational expert testimony but only indicated that, if warranted by the expanded record, the ALJ should obtain evidence from a vocational expert. R. at 134.

Here, the ALJ properly used the grids because Plaintiff could perform the full range of work, at a designated level of residual functional capacity, despite any nonexertional limitations. R. at 28-29. As Plaintiff's non-exertional limitations did not have a significant effect on his ability to perform the full range of work at a designated level, use of the grids was not precluded. See Kirk, 667 F.2d at 529 (The medical-vocational guidelines or grids apply if the individual is capable of performing a wide range of jobs at the designated level; i.e., sedentary, light or medium).

The ALJ considered the evidence of record and properly determined that Plaintiff was capable of a significant range of light work. Utilizing the medical-vocational guidelines, the ALJ determined that based on Plaintiff's age, education, work experience, and residual functional capacity, Rule 202.21 of 20 C.F.R. pt. 404, subpt. P, app. 2, directed a finding of not disabled.  R. at 28-29. Use of the medical-vocational guidelines is appropriate to meet the Commissioner's burden in a case such as this where Plaintiff can perform a substantially full range of work at a designated level of residual functional capacity. See Cole, 820 F.2d at 772. Thus, the ALJ's decision was based on substantial evidence.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's applications for benefits, the decision of the Commissioner is AFFIRMED.  The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15